Van Fossan,
dissenting: I can not agree with the majority ruling that the transfer of property to the trusts was not made in contemplation of death as defined in United States v. Wells, 283 U.S. 102. On the same day the trust deeds were executed petitioner executed his will. The trusts were for the benefit of the wife and children, the natural objects of the decedent’s bounty in a testamentary disposition. The only conclusion I can draw from such a situation is that decedent was putting his house in order in contemplation of his ultimate death. The fact that he did not contemplate early death is immaterial. He was doing those things normally done in a testamentary disposition by one desiring to control the disposition of his property at his death. Edgar A. Igleheart et al., Executors, 28 B.T.A. 888.
The burden of proof was on the taxpayers. The failure to produce the deeds of trust in evidence gives rise to a proper inference that the language of the deeds would not have supported their contention.
Smith, Leech, and Adams agree with this dissent.